IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHERYL BUTLER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PENTAGON FEDERAL CREDIT UNION, )<br>)<br>    Defendant. )<br>)<br>_____ ) | Case No.: 4:23-CV-00058-CDL |

## JOINT PROPOSED SCHEDULING ORDER

Plaintiff Cheryl Butler ("Plaintiff") and Pentagon Federal Credit Union ("PenFed" or "Defendant"), by their respective attorneys, jointly submit this proposed scheduling order pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure and this Court's Order, dated May 31, 2023.  Where the parties have been unable to reach an agreement on specific deadlines or other terms, they have identified their respective positions below.  TransUnion, LLC did not partake in the discovery plan as they settled with Plaintiff on April 20, 2023.

**I.   NATURE OF THE CASE**

Plaintiff is a consumer and brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA").  Defendant denies that it has violated the FCRA.

**II.   FACTS OF THE CASE:**

<u>Plaintiff's Statement</u>: Defendant, has only one open and active account with PenFed account, Acct # 3117263XXX ("Account"). The inaccurate information furnished by PenFed and published by Transunion is inaccurate since the account is reporting twice for the same debt.

This is harmful to Plaintiff as the Account has a status of "charged off as bad debt" with an outstanding balance of $420. By duplicating the Account, Defendant exaggerates the derogatory nature of the Account. Defendant falsely lowers Plaintiff's credit score and understates her creditworthiness to potential lenders. Plaintiff applied for a Personal Credit Line from SoFi and received a denial of credit letter on January 11, 2023. One of the reasons for denial was based on "number of accounts with delinquency".

<u>Defendant's Statement:</u>  PenFed has no record of receiving a notice of dispute from TransUnion as Plaintiff alleges in her Complaint.  Rather, on November 22, 2022, PenFed received three Automated Consumer Dispute Verifications (the "ACDVs") from Experian reporting that Plaintiff was disputing three tradelines appearing on her November 14, 2022 Experian credit report—an auto loan with PenFed, account #6317, a check credit/line of credit account with PenFed, account # 7263, and a credit card account with PenFed, account # 0025. Specifically, Plaintiff had sent Experian a letter dated November 15, 2022, stating for each account:

> I previously disputed this account stating: "This account is incorrectly being reported as a charged off account with a balance due. Please provide proof of the charge off and update the balance to $0 or delete the negative payment status on this account.". I don't agree with the results of your investigation. Please mail me the proof of your investigation and proof of the negative payment status for this account, or delete the negative information in this account.

The ACDVs included the following Dispute Code:

| Dispute Code 1: | 106:Disputes present/previous Account Status/Payment Rating/Account History. Verify Account Status, Payment Rating and Account History. |

The FCRA deadline for PenFed to respond to Experian was December 14, 2022.

Defendant conducted a reasonable investigation of the disputes presented in the Experian ACDVs and Plaintiff's November letter to Experian and timely reported back on December 13, 2022 as follows:

> Response Code: 23:Disputed information accurate. Updated account information unrelated to the dispute.

The unrelated information pertained to updating Plaintiff's address.

On March 23, 2023, Plaintiff filed this lawsuit alleging that the check credit/line of credit account was reporting twice with the status of "charged off as debt" with an outstanding balance of $420. PenFed has no record of ever receiving a notice of dispute from any of the credit reporting agencies as to the duplication of the account on Plaintiff's TransUnion credit report.

**III.    NAME, ADDRESS, AND TELEPHONE NUMBER OF LEAD COUNSEL**

*Counsel for Plaintiff:*

Misty Oaks Paxton, Esq.
3895 Brookgreen Pt
Decatur, GA, 300334
Phone: 404-500-7861
Email: Attyoaks@yahoo.com

Tamir Saland, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Email: TSaland@steinsakslegal.Com
PRO HAC VICE

*Counsel for Defendant:*

Samantha Tzoberi, Esq.
Kaplan, Bogue & Cooper, P.C.
100 Glenridge Point Pkwy, Ste 500
Atlanta, GA 30342
Phone: 678-384-7028
Email: Sam@kbclegal.com

## IV. DATES OF FILING OF COMPLAINT AND ANSWER AND ADDITIONAL PROCEDURAL HISTORY

Complaint Filed:  March 23, 2023

PenFed's Answer Filed:  May 29, 2023

## V. PROPOSED SCHEDULE

1. **Deadline for Serving Initial Disclosures Pursuant to Rule 26(a)(1):**

   July 19, 2023

2. **Deadline for Joining Parties or Amending the Pleadings:**

   August 11, 2023.

3. **Submission of Proposed Protective Order:**

   Defendant's Proposal:  The Parties may request the entry of a reasonable and narrowly-tailored Protective Order agreed upon by the Parties.

   Plaintiff's Proposal: The parties will work in good faith to submit a stipulated protective order to the Court to protect certain confidential and/or trade secret information.

4. **Plaintiff's Deadline for Disclosing Expert(s) and Filing Report(s) Pursuant to Rule 26(a)(2)(B):**

   Defendant's Proposal: August 27, 2023 (90 days after filing of the Answer) and in the event PenFed designates an expert where Plaintiff has not previously designated an expert, Plaintiff shall have an additional 30 days to designate a rebuttal expert witness.

5. **Defendant's Deadline for Disclosing Expert(s) and Filing Report(s) Pursuant to Rule 26(a)(2)(B):**

   Defendant's Proposal:  September 26, 2023 (120 days after filing of the Answer)

6. **Close of Discovery:**

   Defendant's Proposal: November 29, 2023 (6 months after filing of the Answer)

Plaintiff's Proposal:  December 28, 2023

7. **Deadline for Motions to Compel:**

Defendant's Proposal:  November 28, 2023.  Prior to filing any motion to compel and/or motion for protective order arising from a discovery dispute, counsel for the parties shall meet in person and attempt in good faith to resolve the discovery dispute.  If the dispute remains unresolved and a motion is filed, counsel shall certify that they met in person in good faith and were nevertheless unable to resolve the dispute.

Plaintiff's Proposal:  Before the close of discovery or within the extension period allowed in some instances.

8. **Deadline for Dispositive Motions:**

Defendant's Proposal:  January 13, 2024 (45 days after close of discovery)

Plaintiff's Proposal:  Within thirty days after the close of discovery, unless otherwise permitted by court order.

9. **Deadline for *Daubert* Motions:**

Defendant's Proposal:   Unless otherwise ordered by the Court, any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) shall be filed within 21 days after the Court's ruling on the last pending motion for summary judgment.  If no summary judgment motion is filed by the date that dispositive motions are due, then any *Daubert* motions shall be filed within 21 days after the due date for filing dispositive motions.  If an evidentiary hearing is necessary for the resolution of a *Daubert* motion, the party requesting the hearing shall file a written request for hearing at the time of the filing of the motion or the response to the motion.

Plaintiff's Proposal: If no summary judgment motion is filed by the date that dispositive motions are due, then any Daubert motions shall be filed within 21 days after the due date for filing dispositive motions.

VI. **NAME AND ADDRESS OF EVERY WITNESS TO BE DEPOSED, INCLUDING PROPOSED TIME, DATE, AND PLACE FOR EACH DEPOSITION**

Defendant's Proposal:  Defendant anticipates filing a dispositive motion this month and will move for a stay of discovery as the undisputed facts show PenFed did not receive a dispute from TransUnion as alleged in the Complaint and, therefore, Plaintiff cannot state a claim for relief against PenFed.  If the motion is denied, then Defendant anticipates taking the following depositions:

5

      1.      Plaintiff Cheryl Butler at the offices of her counsel in Georgia at a time to be agreed upon but no later than November 15, 2023.

      2.      Other individuals with relevant knowledge who are identified during discovery at a time to be agreed upon but no later than November 15, 2023.

Plaintiff's Proposal:

      1.      Defendant PenFed no later than November 30, 2023.

## VII. ELECTRONIC DISCOVERY

Defendant's Proposal:

The parties will produce electronically stored information ("ESI") in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determines, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court through a request for discovery conference, or, after counsel has met in person in accordance with Paragraph V.7 of this Order, they may file a motion to compel or a motion for protective order.

Plaintiff's Proposal:

Discovery may encompass electronically stored information (ESI). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control.

The parties will produce electronically stored information ("ESI") in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff and Defendants reserve the right to redact from their respective ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information

sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure.  The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection.  The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection.  Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute.  The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d).  The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties will work in good faith to submit a stipulated protective order to the Court to protect certain confidential and/or trade secret information.

## VIII. PRIVILEGE CLAIMS

<u>Defendant's Proposal:</u>  The attorney-client privilege and or work product protection is not waived by the disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

## IX. ESTIMATED COST OF ALL DISCOVERY, INCLUDING ATTORNEYS FEES

The estimated cost for discovery is yet to be determined at this time, but is unlikely to exceed $10,000.00.

[Signatures of Counsel Appear on Next Page]

Respectfully submitted, this 11th day of July 2023.

*/s/ Samantha Tzoberi*
Samantha Tzoberi, Esq.
Georgia Bar No. 140809
KAPLAN, BOGUE & COOPER, P.C.
100 Glenridge Pt Pkwy, Ste 500
Atlanta, GA 30342
Phone: 678.384.7028
Email: Sam@kbclegal.Com
***Counsel for Defendant Pentagon Federal Credit Union***

Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
Email: attyoaks@yahoo.com

/s/ Tamir Saland
Tamir Saland, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6501
Fax: 201-282-6501
tsaland@steinsakslegal.com
*PRO HAC VICE*
***Attorneys for Plaintiff***

## ORDER

The Court, having reviewed the information contained in the Joint Proposed Scheduling Order completed and filed by the parties to this action, hereby ADOPTS the parties plan and MAKES IT THE ORDER OF THE COURT. As to the items on which the parties have indicated a disagreement, the Court finds that the Defendant's positions are more consistent with the requirements of the Rules 16/26 Order and the court's usual practice, and therefore, the Defendant's positions are adopted as to the disputed items.

SO ORDERED, this 14th day of July, 2023.

_S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE